UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 14-182-DLB

TRAMAINE MONDALE BEADLES                                      PETITIONER

vs.                      <u>MEMORANDUM OPINION AND ORDER</u>

WARDEN J. C. HOLLAND                                          RESPONDENT

*** *** *** ***

Tramaine Mondale Beadles is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney Beadles has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #1)

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Beadles's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On December 7, 2010, a federal grand jury sitting in Topeka, Kansas handed down an indictment charging Beadles with bank robbery in violation of 18 U.S.C. § 2113(a). Following a two-day trial, a jury found Beadles guilty of the offense, and on May 31, 2012, he was sentenced to a 210-month term of imprisonment. *United States v. Beadles*, No. 5: 10-CR-40118-JAR-1 (D. Kan. 2010). The Tenth Circuit affirmed his conviction and sentence on direct appeal. *United States v. Beadles*, 508 F. App'x 807 (10th Cir. 2013).

On July 29, 2013, Beadles filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 in which argued, amongst other things, that his trial counsel was ineffective for failing to challenge his confession as involuntary and as the product of an improper "seizure" of his confession without a warrant supported by probable cause. The trial court denied that motion in an extensive opinion on May 27, 2014.

In his current habeas petition, Beadles asserts the same or similar claims to those he asserted in his § 2255 motion: he argues that his confession was involuntary because it was obtained through the use of an anonymous tipster whose testimony lacked sufficient reliability to support the issuance of a warrant (Doc. #1-1, pp.2-3); the investigating officer who used the anonymous tipster's information to obtain his confession committed perjury and a fraud upon the court (Doc. #1-1, pp. 3-5); the investigating officer "seized" his recorded confession from him without an arrest warrant supported by probable cause (Doc. #1-1, pp. 5-8); and his waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), prior to his confession was invalid because he was falsely "imprisoned" at a private residential reentry center operated by the Corrections Corporation of America (Doc. #1-1, pp. 8-10).

The Court will deny the petition because Beadles may not assert these claims in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, a federal prisoner may file a habeas corpus petition under § 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where the remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255

and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

All of Beadles's claims are ordinary claims of trial error, and are thus matters which could and should have been, and in this case were, asserted on direct appeal or by motion under § 2255. *Pointdexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (habeas relief under § 2241 is not available where "for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255.") Because these claims, even if meritorious, did not convict Beadles of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under § 2241. *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (habeas petition under § 2241 is not the proper vehicle to assert claims of prosecutorial misconduct, ineffective assistance of counsel, and lack of probable cause for warrant); *Frees v. Maye*, 441 F. App'x 285, 287 (5th Cir. 2011) (holding that a claim that a confession was inadequate is not cognizable under § 2241); *Boose v. Drew*, No. 4:08-1954-CMC-TER, 2008 WL 2557438 (D.S.C. June 20, 2008) ("Petitioner's claim about the involuntariness of his statements to law enforcement is cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241 . . . .").

Because "[t]he only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516

4

U.S. 137, 116 S. Ct. 501, 133 L.Ed.2d 472 (1995)," *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003), Beadles's petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. Beadles's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This 11th day of December, 2014.

Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\ProSe\Beadles 14-182 MOO.wpd